```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :    INDICTMENT

          - v. -                   :    S1 11 Cr. 1083 (TPG)

JABAR GILLIAM,                     :
  a/k/a "Jabal Gilliam,"
  a/k/a "Jamal Gilliam,"           :
  a/k/a "JB,"
                                   :

          Defendant.               :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 03 2012

COUNT ONE
(Sex Trafficking)

The Grand Jury charges:

1. From in or about November 2011, up to and including on or about December 2, 2011, in the Southern District of New York and elsewhere, JABAR GILLIAM, a/k/a "Jabal Gilliam," a/k/a "Jamal Gilliam," a/k/a "JB," the defendant knowingly, in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain, by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact, that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause the person to engage in a commercial sex act, and that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, to wit, GILLIAM recruited, enticed, transported, provided

and maintained an individual who was less than 18 years-old ("Victim-1"), causing Victim-1 to travel from in or around Maryland to New York City, and compelling Victim-1 to engage in commercial sex acts that benefitted GILLIAM financially.

(Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2) and 2.)

## COUNT TWO
(Transportation of a Minor)

The Grand Jury further charges:

2.  From in or about November 2011, up to and including on or about December 2, 2011, in the Southern District of New York and elsewhere, JABAR GILLIAM, a/k/a "Jabal Gilliam," a/k/a "Jamal Gilliam," a/k/a "JB," the defendant knowingly did transport an individual who had not attained the age of 18 years in interstate commerce, with intent that such individual engage in prostitution, and any sexual activity for which any person can be charged with a criminal offense, including violations of New York State Penal Law, Sections, 130.65 (Sexual Abuse in the First Degree), 230.00 (Prostitution), 230.15 (Promoting Prostitution), 230.20 (Promoting Prostitution in the Fourth Degree), 230.25 (Promoting Prostitution in the Third Degree), 260.10(1) (Endangering the Welfare of a Child), 110.00 (Attempt) to wit, GILLIAM traveled with an individual who was less than 18 years-old ("Victim-1") from in or around Maryland to New York City,

with the intent that Victim-1 engage in prostitution.

(Title 18, United States Code, Sections 2423(a) and 2.)

FORFEITURE ALLEGATIONS

3. As a result of committing the sex trafficking offense, in violation of Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2) and 2, alleged in Count One of this Indictment, JABAR GILLIAM, a/k/a "Jabal Gilliam," a/k/a "Jamal Gilliam," a/k/a "JB," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594: (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

4. As a result of committing the transportation of minors offense, in violation of Title 18, United States Code, Sections 2423(a) and 2, alleged in Count Two of this Indictment, JABAR GILLIAM, a/k/a "Jabal Gilliam," a/k/a "Jamal Gilliam," a/k/a "JB," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, (1) any property, real and personal, used or intended to be used to commit or to facilitate the commission of the offense; and (2) any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

## Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1594;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

JABAR GILLIAM,
a/k/a "Jabal Gilliam,"
a/k/a "Jamal Gilliam,"
a/k/a "JB,"

Defendant.

---

INDICTMENT

S1 11 Cr. 1083 (TPG)

(18 U.S.C. §§ 1591(a), (b)(1), (b)(2), 2423(a), and 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

4/3/12 - Filed superseding Indictment.

J. PECK
U.S.M.J.